**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 05-1036

---

MUAI KEN HUANG,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

---

No. 05-1037

---

Z.H.,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

---

On Petitions for Review of Orders of the Board of Immigration
Appeals. (A73-619-013; A77-353-587)

---

Submitted:  October 26, 2005      Decided:  December 6, 2005

---

Before KING, SHEDD, and DUNCAN, Circuit Judges.

---

Petitions denied by unpublished per curiam opinion.

---

Bruno Joseph Bembi, Hempstead, New York, for Petitioners.  Frank D. Whitney, United States Attorney, Anne M. Hayes, David J. Cortes, Assistant United States Attorneys, Raleigh, North Carolina, for Respondent.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In these consolidated petitions for review, Muai Ken Huang ("Huang") and her minor son, Z.H. (collectively "Petitioners"), natives and citizens of the People's Republic of China, petition for review of the Board of Immigration Appeal's orders affirming, without opinion, the immigration judge's denial of their requests for asylum, withholding of removal, and protection under the Convention Against Torture. Huang is the primary applicant for asylum; the claims of her son are derivative of her application. See 8 U.S.C.A. § 1158(b)(3) (West Supp. 2005); 8 C.F.R. § 1208.21(a) (2005).

In their petitions for review, the Petitioners challenge the immigration judge's determination that they failed to establish eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that the Petitioners fail to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that the Petitioners seek.

Additionally, we uphold the immigration judge's denial of the Petitioners' request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for

asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because the Petitioners fail to show that they are eligible for asylum, they cannot meet the higher standard for withholding of removal.

We also find that substantial evidence supports the immigration judge's finding that the Petitioners fail to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2005). We find that the Petitioners failed to make the requisite showing before the immigration court.

Finally, Huang claims that the immigration judge deprived her of the right to have her husband testify, thereby violating her right to due process. Our review of the record reveals that Huang declined the immigration judge's offer to continue the case in order to present her husband's testimony. Under these circumstances, we cannot conclude that Huang was denied due process of law.

Accordingly, we deny the petitions for review. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITIONS DENIED